**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jose David Ramires,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Ford Motor Company,<br><br>　　　　Defendant. | Case No. 2:21-cv-06362-VAP-(PVCx)<br><br>**Order DENYING**<br>**Motion to Remand (Doc. No. 20)** |

　　　Plaintiff Jose David Ramires ("Plaintiff") filed a Motion to Remand ("Motion") on November 1, 2021.  (Doc. No. 20.)  Defendant Ford Motor Company ("Defendant") filed its Opposition on November 8, 2021 (Doc. No. 21), and Plaintiff filed his Reply on November 15, 2021 (Doc. No. 22.).  The Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15.  After considering all papers filed in support of, and in opposition to, the Motion, the Court **DENIES** Plaintiff's Motion to Remand.

## I.  BACKGROUND

　　　Plaintiff filed this action in the Los Angeles Superior Court on March 29, 2021, asserting two claims under California's Song-Beverly Consumer Warranty Act ("Song Beverly Act" or "Act") relating to their purchase of a 2018 Ford F-150 (the "Vehicle").  (*See* Doc. No. 1-2, "Complaint").


Defendant removed the action to this Court on August 6, 2021 based on diversity jurisdiction.  (Doc. No. 1, "Notice of Removal").  Defendant contends that complete diversity of citizenship exists between Plaintiffs and Defendant and that the amount in controversy as to Plaintiff's individual claims exceeds $75,000.  (*Id.* ¶¶ 5-17).  Plaintiff then filed this Motion challenging Defendant's assertions as to the amount in controversy.  (*See* Doc. No. 20.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which the federal courts could exercise their original jurisdiction.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A defendant "always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Amount in Controversy

Plaintiff argues only that the amount in controversy does not meet the necessary threshold of $75,000, making diversity jurisdiction improper. (Doc. No. 20-1 at 5-8).

Plaintiff's argument is unavailing. A defendant who removes an action to federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*per curiam*) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court") (footnotes omitted).

Here, although Plaintiff's Complaint does not allege the amount in controversy, Defendant met its burden of showing that the jurisdictional minimum is satisfied.

3

### 1. Actual Damages

Actual damages under the Song-Beverly Act are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair (often called the "use offset"). *Id.* To determine the amount directly attributable to the buyer's use of the vehicle, the manufacturer multiplies the price of the vehicle the buyer paid or will pay by a fraction, the denominator of which is 120,000, and the numerator the number of miles the buyer drove the car before the first relevant repair. *Id.* This calculation provides the actual damages that Plaintiffs suffered.

The purchase agreement for the Vehicle here minus its optional items results in a total purchase price of $44,025.22.[1] (*See* Doc. No. 21-1.) The Court adopts Defendant's reduction in value of $4,071.97. (Doc. No. 21-1 at 11) ("(11,099 / 120,000) * 44,025.22 [purchase price after deduction of optional items])"). Accordingly, the Court estimates the amount of restitution available under the Song-Beverly Act to be $44,025.22 minus the mileage offset of $4,071.97, or $39,953.25.

---

[1] Although Defendant argues that the Court should consider the contract's entire value, without discounting the optional items, (Doc. No. 21-1 at 6), the Court need not address the merits of this argument because, for the reasons set forth below, the amount in controversy is satisfied even without the amount from the optional items.

2. <u>Civil Penalty</u>

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c).

Here, Plaintiff alleges that Defendant's failure to comply with its obligations under the Song-Beverly Act was "willful" and he is entitled to "a civil penalty of up to two times the amount of actual damages." (Doc. No. 1-2, ¶ 25); *see also Park v. Jaguar Land Rover N. Am., LLC*, No. 20-00242, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination"). As the amount of actual damages available as restitution is $39,953.25, the maximum available civil penalty is twice that amount, or $79,906.50. Accordingly, the sum of the restitution and civil penalty amounts in controversy is $119,859.75.

The Court therefore finds that the $75,000 jurisdictional requirement is satisfied, even without considering attorneys' fees.

//
//
//

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand this action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated:     11/24/21

Virginia A. Phillips
United States District Judge